

PAE AO 241
(Rev. 07/10)

Page 4

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Pennsylvania |
|---|---|
| Name (under which you were convicted): *David Sparks* | Docket or Case No.: **13    3636** |
| Place of Confinement: *S.C.I.- Mahanoy* | Prisoner No.: *HP 5579* |
| Petitioner (Include the name under which you were convicted): *David Sparks* | Respondent (Name of Warden, Superintendent, Jailer, or authorized person having custody of petitioner): *John Kenosteo, et al.* |

v.

and

The District Attorney of the County of: *Seth Williams*

and

The Attorney General of the State of: _____

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   *Philadelphia County Court of Common Pleas*

   (b) Criminal docket or case number (if you know): *CP-51-CR-0001327-2007*

2. (a) Date of judgment of conviction (if you know): *May 1, 2008*

   (b) Date of sentencing: *May 28, 2008*

3. Length of sentence: *LWOP (L.L.W.O.P) Life w/o Parole*

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: *Murder in the First Degree (18 Pa. C.S. 2502), Firearms not be carried w/o a license (18 Pa. C.S. 6106)*

PAE AO 241
(Rev. 07/10)                                                                                    Page 5

*Possession of a firearm by a minor (18 Pa. C. S. 6110), and*
*Possession of an Instrument of Crime (18 Pa. C.S. 907)*

6.    (a)    What was your plea?  (Check one)

☑ (1)    Not Guilty            ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty               ☐ (4)    Insanity plea

(b)    If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,
what did you plead guilty to and what did you plead not guilty to? _____

_____
N/A
_____
_____

(c)    If you went to trial, what kind of trial did you have?  (Check one)

☐    Jury                ☑    Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐    Yes                ☑    No

8.    Did you appeal from the judgment of conviction?

☐    Yes                ☑    No

9.    If you did appeal, answer the following:

(a)    Name of court: _____ N/A _____

(b)    Docket or case number (if you know): _____

(c)    Result: _____

(d)    Date of result (if you know): _____

(e)    Citation to the case (if you know): _____

(f)    Grounds raised: _____

_____
_____
_____
_____
_____

PAE AO 241
(Rev. 07/10)

Page 6

(g)     Did you seek further review by a higher state court?              ☐   Yes      ☑   No

If yes, answer the following:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h)     Did you file a petition for certiorari in the United States Supreme Court?   ☐   Yes      ☑   No

If yes, answer the following:

(1) Docket or case number (if you know): _____ N/A _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or
        motions concerning this judgment of conviction in any state court?       ☐   Yes      ☑   No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes          ☑ No

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____

(b)   If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes          ☑ No

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____

(c)   If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes          ☑   No

(7) Result: _____ N/A

(8) Date of result (if you know): _____

(d)   Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

(1)   First petition:        ☐   Yes          ☑   No

(2)   Second petition:    ☐   Yes          ☑   No

(3)   Third petition:       ☐   Yes          ☑   No

(e)   If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _____ *See Exhibit A with Memorandum* _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____ *See Exhibit A with Memorandum* _____

_____

_____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____
*Awaiting decision in Miller v. Alabama*

(c) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

       ☐ Yes     ☑ No

   (2) If you did not raise this issue in your direct appeal, explain why? *N/A*

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ☑ Yes     ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: *P.C.R.A*

   Name and location of the court where the motion or petition was filed: *Philadelphia County Court of Common Pleas*

   Docket or case number (if you know): *CP-51-CR-0001327-2007*

   Date of the court's decision: *May 4th, 2012*

   Result (attach a copy of the court's opinion or order, if available): *DENIED*
   *See Exhibit B*

   (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

   (4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

       ☑ Yes     ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: *The Superior Court of Pennsylvania, 530 Walnut St. Philadelphia, PA 19106*

   Docket or case number (if you know): *No. 1368 EDA 2012*

   Date of the court's decision: *Pending*

Result (attach a copy of the court's opinion or order, if available): _Pending_ _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____

_____

N/A

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

N/A

**GROUND TWO:** _____ N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

N/A

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

N/A

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐   Yes              ☑   No

(2) If you did not raise this issue in your direct appeal, explain why?   _N/A_ _____

_____

_____

### (d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?

☐   Yes          ☑   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____   _N/A_ _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐   Yes     ☑   No

(4) Did you appeal from the denial of your motion or petition?     ☐   Yes     ☑   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐   Yes          ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_ _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise
this issue: _____   _N/A_ _____

_____

_____

_____

(e)　　　**Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _N / A_

**GROUND THREE:** _N / A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N / A_

(b) If you did not exhaust your state remedies on Ground Three, explain why: _N / A_

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐　Yes　　☑　No

(2) If you did not raise this issue in your direct appeal, explain why? _N / A_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐　Yes　　☑　No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N / A_

Name and location of the court where the motion or petition was filed: _N/A_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?          ☐   Yes       ☑   No

(4) Did you appeal from the denial of your motion or petition?     ☐   Yes       ☑   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐   Yes             ☑   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _N/A_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise

this issue: _____ _N/A_____

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Three: _N/A_____

_____

_____

## GROUND FOUR:   _____     _N/A_____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____
_____
_____ N/A _____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____
_____ N/A _____
_____
_____
_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐   Yes        ☐   No

    (2) If you did not raise this issue in your direct appeal, explain why? N/A _____
_____
_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?

        ☐   Yes       ☑   No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____ N/A _____

    Name and location of the court where the motion or petition was filed: _____
_____

    Docket or case number (if you know): _____ N/A _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): __ N/A _____
_____
_____

    (3) Did you receive a hearing on your motion or petition?    ☐  Yes  ☑ No

    (4) Did you appeal from the denial of your motion or petition?   ☐  Yes  ☑ No

PAE AO 241
(Rev. 07/10)

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐   Yes          ☑   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise
this issue: _____    N/A

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground Four:    N/A

_____

_____

_____

_____

_____

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state
court having jurisdiction?          ☐   Yes        ☑   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for
not presenting them: _____    N/A

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____ N/A _____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        ☐  Yes      ☑  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____ N/A _____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☑  Yes      ☐  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _Pennsylvania Superior Court   CP-51-CR 1527-2007_

_____

_____

_____

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing:   _Harvey Yanks_

_____

(b)    At arraignment and plea:   _Harvey Yanks_

_____

(c)     At trial: _Edward Neehan     Esquire_

(d)     At sentencing: _Edward Neehan Esquire_

(e)     On appeal: _N/A_

(f)     In any post-conviction proceeding: _Elayne C. Bayn Esquire_

(g)     On appeal from any ruling against you in a post-conviction proceeding: _Elayne C. Bayn Esquire_

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?                                          ☐   Yes      ☑   No

        (a)     If so, give the name and location of the court that imposed the other sentence you will serve in the
                future: _____
                _____ N/A _____

        (b)     Give the date the other sentence was imposed: _____ N/A _____

        (c)     Give the length of the other sentence: _____ N/A _____

        (d)     Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be
                served in the future?                          ☐   Yes      ☑   No

18.     **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must
        explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your
        petition*

        _____
        _____
        _____ N/A _____
        _____
        _____
        _____

PAE AO 241
(Rev. 07/10)

Page 18

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: New sentencing hearing _____

_____

or any other relief to which petitioner may be entitled.

N/A
_____
Signature of Attorney (if any)

PAE AO 241
(Rev. 07/10)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ____06 / 20 / 13____ .

(month, date, year)

Executed (signed) on __6/20/13__ _____(date).

_____
Signature of Petitioner

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____
_____
_____
_____

# EXHIBIT A

12. Ground one:

Whether mandatory sentence of life without parole violates the eighth amendment's prohibition on cruel and unusual punishment; Petitioner's sentence should be vacated, and he should be individually resentenced on lesser-included offenses.

a. Supporting Facts:

Petitioner was arrested and charged with homicide at the age of sixteen. Petitioner was ultimately convicted of murder in the first degree and was sentenced to life in prison which is cruel and unusual punishment.

13. (a) Whether mandatory sentencce of life without parole violates the eighth amendment's prohibition on cruel and unusual punishment; Petitioner's sentence should be vacated, and he should be individually resentenced on lesser-included offenses.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Sparks, David,                          :
                                        :
        Petitioner                      :
                                        :
                                        :
        v.                              :
                                        :   CIVIL ACTION NO.____
                                        :
John E. Wetzel, Secretary,              :
Pennsylvania Department of              :
Corrections; John Kerestes             :
Superintendent of the State            :
Correctional Institution at            :
Mahanoy,                                :
        Respondents.                    :

## MEMORANDUM FOR WRIT OF HABEAS CORPUS

Petitioner, David Sparks, through undersigned counsel, hereby submitts this memorandum for writ of habeas corpus pursuant to 28 U.S.C. §2254, based on the United States Supreme Court's recent decision in <u>Miller v. Alabama</u>, 567 U.S._____, 132 S.Ct. 2455 (2012), which holds that a mandatory life-without-parole sentence for a juvenile violates the Eighth Amendment to the United States Constitution. In support of this Memorandum, Petitioner states the following:

1. Petitoner, David Sparks, is in the custody of the Commonwealth of Pennsylvania in the State Correctional Institution at Mahanoy, under a sentence of mandatory life imprisonment without parole for the Philadelphia County conviction for first-degree murder, and related charges.

## Relevant Procedural History

2.   On 9-4-06, Petitioner, was arrested for a crime alledged to have been committed on that date, when Petitioner was 16 years old.   On 5-1-08, Petitioner was convicted of first degree murder.   On 5-28-08, Petitioner was sentenced to a mandatory life sentence pursuant to what have now been dertermined to be unconstitutional provisions of the Pennsylvania sentencing scheme.  See 18 Pa. C.S. §1102 (1979) (authorizing only death sentence or life imprisonment for first degree murder); 61 Pa. C.S. §331.21 (1979) (providing that parole is not available for sentences of life imprisonment).

3.   On June 25, 2012, the United States Supreme Court decided Miller v. Alabama, 567 U.S.____, 132 S.Ct. 2455 (2012), finding that the mandatory imposition of a life sentence without parole for a juvenile convicted of homicide is unconstitutional.   On that basis, Petitioner is filing a motion for laeve to file a successive federal habeas petition and request for appointment a counsel.

4.   Petitioner has previously filed a motion for post-conviction relief in state court based on the Miller decision, arguing that his petition is timely as it is based upon a new rule of law.  However, the question of the retroactivity of the Miller decision has yet to be decided by the Pennsylvania courts.   Given uncertainty about the ultimate

2

resolution of the issues implicated by the <u>Miller</u> decision, Petitioner is filing a motion for leave to file this successive habeas petition in order to protect his right to habeas review.

## Claim for Relief

I.  PETITIONER'S MANDATORY SENTENCE OF LIFE WITHOUT PAROLE VIOLATES THE EIGHT AMENDMENT'S PROHIBITION ON CRUEL AND UNUSUAL PUNISHMENT; PETITIONER'S SENTENCE SHOULD BE VACATED, AND HE SHOULD BE INDIVIDUALLY RESENTENCED ON LESSER-INCLUDED OFFENSES.

5.  Based on the Supreme Court's recent decision in <u>Miller</u>, Petitioner seeks a vacation of his sentence and an order that he be individually resentenced on the lesser-included offenses.

6.  On June 25, 2012, the United States Supreme Court issued it's decision in <u>Miller v. Alabama</u>. The petitioners in <u>Miller</u> were two 14-year-olds who were sentenced to mandatory life sentences without the possibility of parole. <u>Miller</u>, 132 S.Ct. at 2460. The Court found that a mandatory imprisonment of life without parole violates the Eight Amendment.

7.  The Court based its decision in <u>Miller</u> on its prior precedent, namely <u>Roper v. Simmons</u>, 543 U.S. 551 (2005), and <u>Graham v. Florida</u>, 130 S.Ct. 2011 (2010). These cases likened a sentence of life without parole "to the death penalty itself" and recognized that "children are constitutionally different from adults for purposes of

3

sentencing.  Because juveniles have diminished culpability and greater prospects for reform... they are less desreving of the most severe punishments." Id. at 2464 (quoting Graham).

8.  The Court recognized that mandatory sentencing schemes that require life in prison without parole are flawed because these schemes do not take into account the differences between juveniles and adults and "prohibit a sentencing authority from assesing whether the law's harshest term of imprisonment proportionally punishes a juvenile offender." Id. at 2466.

9.  The Court accordingly held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." Id. at 2460.

10.  The decision in Miller is retroactive on it's face. The companion case deided with Miller, Jackson v. Hobbs,[1] was a state post-conviction case. When it decided Miller, which was a direct appeal, the Supreme Court did not draw any distinction between Jackson's collateral challenge and Miller's case.  The Court applied the same rule and invalidated mandatory life imprisonment for both Jackson and Miller.  Hence, the United States Supreme Court has already applied the Miller rule to a case on collateral review.

---

[1] Miller v. Alabama, No. 10-9646, and Jackson v. Hobbs, No. 10-9647, were decided together in a single opinion, for which there is a single citation.

11.   Like the petitioners in <u>Miller</u>, Petitioner was a juvenile at the time of the offense. Petitioner was arrested on 9-4-06, when he was 16 years old, and was charged with murder. There is no doubt that Petitioner was under the age of eighteen when the homicide occurred, and when he was sentenced, it was under a statute that required the mandatory imposition of life imprisonment without parole. <u>See</u> 18 Pa. C.S. §1102 (setting forth sentences for first and second -degree murder); 61 Pa. C.S. §6137 (barring life-sentenced prisoners from parole eligibility).

12.   Thus, pursuant to the haolding in <u>Miller</u>, it is plain that Petitioner's sentence violates the Eighth Amendment and must be vacated.

### A.   Constitutional Sentencing.

13.   At the time of nthe crimes for which Petitioner was convicted, Pennsylvania law allowed only two possibile sentences for first degree murder – death and life imprisonment without parole. <u>See</u> 18 Pa. C.S. §1102 (1979) (authorizing only death sentence or life imprisonment sentence for first degree murder); 61 Pa. C.S. §331.21 (1979) (providing that parole is not available for sentences of life imprisonment). For juveniles like Petitioner, both of those sentences have been held unconstitutional. <u>See</u> <u>Roper</u>, <u>supra</u>; <u>Miller</u>, <u>supra</u>.

14.   The Pennsylvania Code therefore does not establish a constitutional sentence for first degree murder committed

by a juvenile. It would violate Petitioner's ex post facto rights to inflict "punishments, where the party was not, by law, liable to any punishment" or to inflict "greater punishment, than the law annexed to the offence." Stogner v. California, 539 U.S. 607, 612 (2003) (quoting Calder v. Bull, 3 Dall. 386, 389, 1 L.Ed. 648 (1978)). Here, any sentence imposed that is greater than a statutorily established, constitutional sentence would amount to a judicially created, retroative punishment that was not "annexed to the offence" at the time these crimes accured. The only statutorily established, constitutional sentence applicable here is the sentence attendant to the lesser included offense of third degree murder at the time of these crimes. See 18 Pa. C.S. §1103 (1979). Petitioner must be sentenced accordingly.

15. For similar reasons, imposing a judicially created sentence that is greater than any statutorily established constitutional sentence would be unfair, arbitrary, capricious, and lacking notice, all in violation of Petitioner's due process rights and his rights as guaranteed under the Eighth Amendment. Likewise, a judicially created sentence, for example a sentence of life with parole, would violate equal protection by inviting unfair and discriminatory treatment for Petitioner when compared to those who are sentenced according to constitutionally sound statutes. accordingly, Petitioner must be resentenced pursuant to the lesser included offense of third degree murder. Such a

sentence would accord with the approach taken previously in Pennsylvania after a sentencing statute has been found unconstitutoinal. In Commonwealth v. Story, 282 A.2d 488 (Pa. 1981), for example, the Pennsylvania Supreme Court vacated the death sentence upon finding the statute unconstitutional and imposed the next most severe statutorily authorized sentence-life imprisonment. Id. In reaching this result, the court refused to permit the defendant to be subjected to another capital sentencing proceeding under the then-new sentencing statute. The court explained that such an approach would "violate eaqual protection and due process." Id. at 492. See also Commonwealth v. Bradley, 449 Pa. 19 (1972) (vacating defendant's death sentence in light of Furman v. Georgia, 408 U.S. 238 (1972), and imposing the next most severe statutorily authorized sentence of life imprisonment); Rutledge v. United States, 517 U.S. 292 (1996) (the ourt "may direct the entry of judgement for a lesser includedf offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense"); Morris v. Mathews, 475 U.S. 237 (1986)(same).

16. Pennsylvania has reently decided one of two companion cases addressing the impact of Miller. In Commonwealth v. Batts,-A.3d-, 2013 WL 1200252 (Pa.March 26, 2013), The Pennsylvania Supreme Court rejected the argument that the appellant should be resentenced pursuant to the

7

penalty for third degree murder, in violation of ex post facto rights, due process and the Eighth Amendment. However, the Pennsylvania courts have yet to decide the question of retroactivity, so it is unclear whether <u>Batts</u> decision will apply to litigants, like Petitioner, who were in post-conviction posture at the time of the <u>Miller</u> decision. That question has been addressed in briefing and in argument in <u>Commonwealth v. Cunningham</u>, 38 EAP 2012. However, the court has not yet issued an opinion in that case. Petitioner is filing this petition to preserve his rights in the event that Pennsylvania determines that <u>Miller</u> did not establish a new rule of law and to challenge the Pennsyhlvania court's refusal to order resentencing pursuant to third degree murder.

17. The Court of Appeals for the Third Circuit is also currently considering the question of the retroactivity of the <u>Miller</u> decision. In <u>In re Franklin X. Baines</u>, No. 12-3996, and <u>In re Micheal J. Pendleton</u>, No. 12-3617, the Court has ordered briefing on these questions. Argument is expected in the next several months.

### B. Mitigating Evidence Relevant to Sentencing.

18. In this case, extensive and well-documented mitigating evidence, precisely the type of evidence the Supreme Court held relevant to juvenile sentencing in <u>Miller</u>, was available at the time of sentencing, but was not before the sentencer. For this reason, too, Petitioner's

constitutional rights were violated.  Petitioner is requesting the appointment of counsel and will supplement this Petition one counsel has collected mitigating evidence in support of his habeas claim.

## C. Conclusion.

19.  Petitoner's mandatory sentence of life without parole, imposed for acts committed when he was under eighteen years old, violates the Eighth Amendment to the United States Constitution, and consequently, this Court cannot permit his sentenc to stand.

WHEREFORE, Petitioner respectfully requests that the Court vacate his life sentence and grant the writ of habeas corpus.

Rspectfully submitted,

David Sparks HP-3579

9

# EXHIBIT B

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

FILED

MAY 04 2012

Post Trial Unit

COMMONWEALTH OF PENNSYLVANIA )
)
V. )                                                     CP-51-CR-0001327-2007
)
DAVID SPARKS )
PP# 975933 )
)
                                                                    PCRA

### ORDER

AND NOW, this 4th day of May 2012, it is **ORDERED** and **DECREED** that following

a review of the pleadings, the submissions of counsel, the record and the controlling law, the

petitioner's petition for post conviction relief pursuant to the Post Conviction Relief Act, 42

Pa.C.S.A. § 9541, *et. seq.* is hereby **DISMISSED/DENIED**.

**You have thirty (30) days from the date of the order to file a Notice of Appeal to the**

**Superior Court of Pennsylvania.**

BY THE COURT:

SHEILA WOODS-SKIPPER, J.

PAE AO 240 (Rev. 10/09) - Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)                                        Page 1



# UNITED STATES DISTRICT COURT
## FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

John Keneates )
_____ )
**Plaintiff** )                    ) **13   3636**
_____ )
**v.** )                           ) Civil Action No.
_____ )
**Defendant** )                    )
_____ )                  )
David Sparks )                     )
_____ )                  )
_____ )                  )

---

**APPLICATION FOR PRISONERS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1.      *If incarcerated.* I am being held at: ___S.C.I-Nahanoy_____

I am employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2.      *If not incarcerated.* If I am employed, my employer's name and address are:

_____
_____

My gross pay or wages are: $ _0_____, and my take-home pay or wages are: $ _0_____
per _____.
      *(specify pay period)*

3.      *Other Income.* In the past 12 months, I have received income from the following sources (check all that apply):

|     |                                                      |         |         |
|-----|------------------------------------------------------|---------|---------|
| (a) | Business, profession, or other self-employment       | ☐ Yes   | ☑ No    |
| (b) | Rent payments, interest, or dividends                | ☐ Yes   | ☑ No    |
| (c) | Pension, annuity, or life insurance payments         | ☐ Yes   | ☑ No    |
| (d) | Disability, or worker's compensation payments        | ☐ Yes   | ☑ No    |
| (e) | Gifts, or inheritances                               | ☐ Yes   | ☑ No    |
| (f) | Any other sources                                    | ☑ Yes   | ☐ No    |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

PAE AO 240 (Rev. 10/09) - Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)                    Page 2

Yes , sometimes 'from a family member or a friend'.

4.   Amount of money that I have in cash or in a checking or savings account: $ N/A

5.   Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial
     instrument or thing of value that I own, including any item of value held in someone else's name
     *(describe the property and its approximate value)*:

                                     N/A

6.   Any housing, transportation, utilities, or loan payments, or other regular monthly expenses
     *(describe and provide the amount of the monthly expense)*:  N/A

7.   Names (or, if under 18, initials only) of all persons who are dependent on me for support, my
     relationship with each person, and how much I contribute to their support:
                                                                  N/A

8.   Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:
                                     N/A

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a
false statement may result in a dismissal of my claims.

5-10-13
Date

Applicant's signature

David Sparks
Printed name

9.      **Certification of Prisoner's Institutional Account Balance:** An authorized prison official must
complete the certification below, and furnish a certified copy of your institutional account statement showing all
deposits, withdrawals, and balances for the prior six-month period, to be filed with this application.

        I certify that the prisoner named herein has the sum of $  .22¢  on account at
SCI Mahenoy  correctional institution, where he is presently confined.

        I further certify that during the prior six-month period, the prisoner's average monthly account balance was
$  12.00  ; and that the average amount deposited monthly in the account during the prior six-month
period was $  78.33  .

Mo Hudson CT3

6-19-13.

*Signature and Title of Authorized Prison Official*                                    *Date*

David Sparks #HP3579
301 Morea Road
S.C.I - Mahanoy
Frackville, PA 17932

Micheal E. Kunz, Clerk
United States Eastern District Court
Philadelphia, PA 19106 - 9865

June 20, 2013

Re: David Sparks v. John Kerestes, et al.

Dear Mr. Kunz :

Enclosed, please find (3) three and (1) one original true and correct copies of a writ of Habeas Corpus Petition with memorandum attached.

Respectfully Submitted,

David Sparks #HP3579

6/20/13

RECEIVED
JUN 24 2013